[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant-appellant, Nationwide Mutual Insurance Company ("Nationwide"), appeals from the July 29, 2002 decision and entry of the Franklin County Court of Common Pleas, granting plaintiffs-appellees, Judy and Marvin A. McDaniel, Sr.'s, motion for summary judgment and denying Nationwide's motion for summary judgment, and the June 21, 2002 judgment entry, finding as a matter of law, that Marvin A. McDaniel, Jr. ("Allen"), was not an insured under defendant-appellee, Liberty Mutual Insurance Company's ("Liberty Mutual") policies of insurance. For the reasons that follow, we reverse.
 {¶ 2} The following facts were either stipulated by the parties or are not in dispute. On May 28, 2000, Allen McDaniel was a passenger in a vehicle driven and owned by John H. Wolfe. McDaniel was injured in a two-vehicle accident caused by the negligence of Wolfe. The occupants of the other vehicle involved were killed in the accident.
 {¶ 3} The vehicle driven by John Wolfe was insured by Westfield Insurance Company with liability limits of $500,000. Westfield exhausted its policy liability limits by paying $250,000 to plaintiff-appellee, Judy McDaniel, as guardian of the estate of Marvin A. McDaniel, Jr., and $125,000 each to the estates of the two decedents. Allen McDaniel's damages suffered as a result of the accident exceeded $250,000.
 {¶ 4} Judy McDaniel is the guardian of Allen McDaniel. She is not the natural mother of Allen, nor has she legally adopted him. Marvin A. McDaniel, Sr. is the natural father of Allen and the husband of Judy McDaniel. Marvin A. McDaniel, Sr., and Judy McDaniel were legally married prior to May 28, 2000.
 {¶ 5} Allen McDaniel was employed by Buyer's Electronics, but at the time of the accident, was not in the course and scope of his employment. Nationwide insured Buyer's Electronics through a Business Auto Policy of Insurance, initially issued on March 13, 1989, and continually renewed until the last pre-accident renewal that took place on March 13, 2000.
 {¶ 6} Bulk Transit Corporation employed Judy McDaniel. Liberty Mutual insured Bulk Transit Corporation with policies that provided for $1 million of underinsured motorist coverage in the underlying policy and $4 million of underinsured motorist coverage in the umbrella policy. Liberty Mutual consented to the settlement between plaintiffs-appellees and John Wolfe and agreed to waive subrogation rights. Nationwide took the position that its consent was not necessary.
 {¶ 7} Nationwide and Liberty Mutual denied coverage on the basis that Wolfe v. Wolfe (2000), 88 Ohio St.3d 246 did not apply to their commercial automobile policies of insurance and, accordingly, appellees were not entitled to uninsured/underinsured motorist coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. Subsequently, on June 4, 2001, appellees filed suit against Nationwide and Liberty Mutual, seeking uninsured/underinsured ("UM/UIM") motorist coverage under the Nationwide Business Auto policy and the two Liberty Mutual commercial policies of insurance.
 {¶ 8} On June 21, 2002, the trial court journalized a judgment entry finding as a matter of law that Allen was not an insured under the Liberty Mutual policies of insurance issued to Bulk Transit, Corp. that were in effect as of May 28, 2000.
 {¶ 9} Nationwide and the McDaniels filed cross-motions for summary judgment. On July 29, 2002, the trial court granted the McDaniels' motion for summary judgment and denied Nationwide's motion for summary judgment. After analyzing the statutory language and the language of Wolfe, the trial court determined that the Wolfe holding applies to commercial and personal automobile liability insurance policies alike and specifically to the Nationwide policy at issue here.
 {¶ 10} After concluding that the holding in Wolfe applied, the trial court determined that the 1999 policy applied and, after examining the relevant policy language concluded that it was identical to that used in Scott-Pontzer. The trial court then determined that even though Buyer's Electronics selected UM/UIM limits lower than the policy liability limits, the form did not comply with the requirements of Linko v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445, and therefore appellees were entitled to policy limits of $1 million.
 {¶ 11} Nationwide appealed, assigning as error the following:
 {¶ 12} "I. The trial court erred in holding that Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, applies to commercial policies of insurance and specifically to Nationwide Mutual Insurance Company's business auto policy.
 {¶ 13} "II. The trial court erred in holding that the requirements of Linko v. Indemnity Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445, survive the enactment of H.B. 261.
 {¶ 14} "III. The trial court erred in approving the judgment entry, which holds, as a matter of law, that Marvin A. McDaniel, Jr., is not an insured under the Liberty Mutual Insurance Company policies of insurance issued to Bulk Transit, Inc."
 {¶ 15} In reviewing the trial court's ruling on summary judgment, we conduct an independent review of the record and stand in the shoes of the trial court. Dixon v. Professional Staff Management, Franklin App. No. 01AP-1332, 2002-Ohio-4493. As to Nationwide's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if: "[T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 16} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 17} In its first assignment of error, Nationwide argues that its commercial policy of insurance does not meet the definition of an automobile insurance policy pursuant to R.C. 3937.30 and, accordingly, the holding of Wolfe does not apply. In this case, if the holding in Wolfe applies to the Nationwide commercial policy, applying the mandatory two-year policy period means that the 1999 version of the Nationwide policy will apply. The 1999 policy definition of an "Insured" is the same as the policy language in Scott-Pontzer. If the holding in Wolfe is inapplicable, the 2000 version of the policy applies, and the revised policy language excludes Allen McDaniel as an insured.
 {¶ 18} In Wolfe, the Supreme Court of Ohio held, at paragraph one of the syllabus:
 {¶ 19} "Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39."
 {¶ 20} The Supreme Court of Ohio interpreted R.C. 3937.31(A), mandating a two-year policy period for automobile insurance, as applicable not only to the initial two-year period following issuance of a policy, but also to successive policy renewals. R.C. 3937.31(A) states in part that "[e]very automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years." R.C. 3937.30
defines "automobile insurance policy" as follows:
 {¶ 21} "As used in sections 3937.30 to 3937.39 of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 22} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
 {¶ 23} "(B) Insures as named insured, any of the following:
 {¶ 24} "(1) Any one person;
 {¶ 25} "(2) A husband and wife resident in the same household;
 {¶ 26} "(3) Either a husband or a wife who reside in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
 {¶ 27} "(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;
 {¶ 28} "(D) Does not insure more than four motor vehicles;
 {¶ 29} "(E) Does not cover garage, automobile sales agency, repair shop, service station, or public parking operation hazards;
 {¶ 30} "(F) Is not issued under an assigned risk plan pursuant to section 4509.70 of the Revised Code." (Emphasis added.)
 {¶ 31} Under Wolfe, the law to be applied in a case involving an automobile insurance policy will be the law in effect when the policy was issued or on the previous two-year policy anniversary date prior to the accident in question. In addition to interpreting R.C. 3937.31(A) as mandating a two-year period following issuance of a policy, the court in Wolfe also held that "[t]he commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy." Id. at paragraph two of the syllabus.
 {¶ 32} Following Wolfe, numerous courts of appeals have construed various commercial policies as not falling within the statutory definition of "automobile insurance policy" contained in R.C. 3937.30. For example, in holding that Wolfe did not apply to a truckers' policy that covered 18-wheel tractor-trailers that are not classified as private passenger vehicles and that are used as public livery, this court reviewed a number of cases that construed various commercial policies as not falling within the statutory definition of an "automobile insurance policy." Smith v. Air-Ride, Inc., Franklin App. No. 02AP-719, 2003-Ohio-1519. Cases that are pertinent to our review include Zurcher v. Natl. Surety Corp. (Feb. 25, 2002), Stark App. No. 2001CA00197 (where the policies at issue covered five specifically identified automobiles); Price v. Ayers, Stark App. No. 2002CA00124, 2002-Ohio-5479 (also finding R.C. 3937.31[A] inapplicable to a commercial automobile policy insuring more than four motor vehicles); McPherson v. Whitt, Cuyahoga App. No. 81442, 2002-Ohio-6060 (same); and Cunningham v. Transcontinental Ins. Co., Hamilton App. No. C-020157, 2002-Ohio-7338 (same); but, see, Burke v. Buehler Tuscarawas App. No. 2002AP070061, 2003-Ohio-619 ("[w]e found no support in the statutory or case law for the insurance company's proposition that Wolfe and R.C. 3937.31 applies solely to personal auto policies").
 {¶ 33} In this case, the issue here is not whether Wolfe applies generally to commercial automobile policies; rather, the issue is the number of vehicles insured. See McPherson v. Whit. The Nationwide policy auto schedule in effect at the time of the accident identifies more than four covered autos: a 1987 Dodge Pickup; a 2000 Ford Explorer; a 2000 Ford Expedition; a 1993 Honda Civic; a 1997 Ford Explorer (eliminated effective 6/28/00); and a 1997 Ford Windstar. Thus, the Nationwide policy does not meet the statutory definition of "automobile insurance policy" contained in R.C. 3937.30. R.C. 3937.31(A) and Wolfe are clear that R.C.3937.30 must apply before the mandatory two-year policy period is required. In sum, we believe that the Wolfe holding applies to policies that fall within the statutory definition of automobile insurance policy contained in R.C. 3937.30, and the Nationwide policy at issue here does not. Accordingly, Nationwide's first assignment of error is sustained.
 {¶ 34} Our resolution of the first assignment of error renders the remaining assignments of error moot. Based on the foregoing, appellant's first assignment of error is sustained, assignments of error two and three are overruled as moot, and the judgment of the Franklin County Court of Common Pleas with respect to Nationwide is reversed.
Judgment reversed and cause remanded.
BRYANT and TYACK, JJ., concur.